MARY PRITCHARD, APPELLANT, *v.* SARAH DRATT AND OTHERS, RESPONDENTS.

*Partition — the omission of a plaintiff to allege that the parties do not own any other land in common in this State is not a ground of demurrer—General Rule No. 65— effect of a failure to comply with it.*

APPEAL from a judgment, entered upon a decision of the Wayne County Court sustaining a demurrer to the plaintiff's complaint.

The action was brought for the partition of lands located in the county of Wayne which are described in the complaint as one parcel.

All the defendants join in a demurrer which is interposed upon the grounds that it appears from the face of the complaint that the same does not state facts sufficient to constitute a cause of action.

The court at General Term, after overruling one of the grounds upon which the demurrer was interposed, said: "The complaint alleges that three of the defendants who are the children of Abram M. Dratt, deceased, are infants. Upon this averment the defendants base another argument in support of their position, that the complaint does not state a cause of action, for the reason that there is a want of an averment that the parties to the action do not own other lands in common as required by the last paragraph of the sixty-fifth standing rule of the court. The rules of the court do not give nor can they take away or abridge a right of action secured to the party by the common or statutory law of the land. There is no provision in the statute relative to the partition of lands among tenants in common, which requires that all the lands owned by the parties to the action as joint tenants, or tenant in common, shall be embraced in one suit.

"Section 1532 provides 'where two or more persons hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance or for life or for years, any one or more of them may maintain an action for the partition of the property according to the respective rights of the persons interested therein.'

"It was not the purpose of the rule to establish a rule of pleading, or to deny a partition in any case if all the lands owned by the parties, as tenants in common, were not made the subject of partition in the pending suit. If such was the aim of the rule then the court was without power to make it, for the reason that it exacts as a condition to granting relief that which the statute does not demand. The object of the rule is to protect parties from the burden and annoyance of a multiplicity of suits when they are tenants in common of several tracts or parcels of land, lying within this State, and if an action should be brought by one of the tenants in common for a partition of a separate parcel he might be charged with all the costs of the suit unless the same was with the consent of the other parties in interest: the last paragraph requiring that when infants are interested and made parties, the petition shall state whether or

not the parties owned other lands in common, was inserted for the purpose of having the fact appear on the face of the pleading, and so be less likely to escape the attention of the court when disposing of the question of costs.   At most an omission to make an averment in compliance with the rule is a mere irregularity in procedure which cannot be taken advantage of by demurrer."

*Wm. Roe*, for the appellant.

*Cooke & Ray*, for the respondents.

Opinion by BARKER, J.; SMITH, P. J., and HARDIN, J., concurred.

Judgment reversed, demurrer overruled and judgment ordered for the plaintiff on the demurrer, with costs of the demurrer and of this appeal, with leave to the defendant to answer on payment of costs.